UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
BERNARD CAIN, *et al.*,                   )
                                          )   No. CV04-1779L
               Plaintiffs,          )
      v.                             )
                                          )   ORDER COMPELLING DISCOVERY
                                          )   FROM TRANS UNION LLC
TRANS UNION LLC, and CREDIT               )
PROTECTION ASSOCIATION, L.P.,             )
                                          )
               Defendants.          )
_____)

This matter comes before the Court on plaintiffs' "Motion to Compel Discovery from Defendant Trans Union LLC" ("Motion to Compel"). Plaintiffs are suing defendants, two credit reporting agencies, for willfully and negligently failing to comply with the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq*., and the Washington State Fair Credit Reporting Act, RCW § 19.182.005 *et seq.* Complaint at 2-5. Plaintiffs seek to compel defendant Trans Union to produce credit reports related to Bernard Kain.[1] In addition, plaintiffs request recovery for fees expended preparing this motion.

Defendant refused to provide documents regarding Mr. Kain because he is not a party to

---

[1] Bernard <u>Kain</u> is a third party who is unrelated to plaintiff Bernard <u>Cain</u>, though plaintiffs believe that credit information related to Mr. Kain is relevant to the case involving Mr. Cain.

ORDER COMPELLING DISCOVERY FROM
TRANS UNION LLC

this action and has not given his consent to disclose confidential information. Response at 1. Defendant cannot disclose information without a party's consent unless the disclosure is in response to a court order. See Response at 2 (citing 15 U.S.C. § 1681b(a)(1)). However, Trans Union concedes it "does not oppose the Court issuing an order allowing Trans Union to produce the requested documents . . . ." Id. at 2; Motion to Compel at 5 ("Counsel . . . stated that Trans Union LLC would not oppose plaintiff's motion, but that defendant Trans Union LLC would not produce these documents in the absence of a court order."). Given that Trans Union does not oppose the motion, plaintiffs' Motion to Compel is GRANTED.

Plaintiffs also seek $550 in fees for time spent preparing the motion. Motion to Compel at 5-6. Plaintiffs argue that under Fed. R. Civ. P. 37(a)(4)(A), defendant must compensate plaintiffs because defendant's conduct necessitated the discovery motion. Plaintiffs further argue that the motion was filed only after defendant refused to stipulate to an order.

Defendant could not disclose information related to Bernard Kain except pursuant to a court order. 15 U.S.C. § 1681b(a)(1). Defendant made that requirement known to plaintiffs and defendant made it clear that it would not oppose a motion to compel. Motion to Compel at 5. Plaintiffs have not brought to the Court's attention any requirement that defendant must agree to a stipulated order. There are various reasons why defendant might refuse to stipulate to an order, but not oppose a motion. Given defendant's clear representations to plaintiffs that it would not oppose a motion, there was no need for plaintiffs to draft and file a six page motion. A simple motion requesting a court order would have sufficed and saved both plaintiffs and defendant time and resources. For this reason, plaintiffs' request for fees is DENIED.

ORDER COMPELLING DISCOVERY FROM
TRANS UNION LLC

1  For the foregoing reasons, plaintiffs' Motion to Compel (Dkt. # 26) is GRANTED and
2  plaintiffs' request for fees is DENIED.

3  DATED this 25th day of April 2005.

*[signature]*

Robert S. Lasnik
United States District Judge

26 ORDER COMPELLING DISCOVERY FROM
TRANS UNION LLC
-3-