UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BERNARD CAIN, *et al.*,

    Plaintiffs,

    v.

TRANS UNION LLC, *et al.*,

    Defendants.

Case No. C04-1779L

ORDER REGARDING MOTION
TO AMEND AND CROSS-MOTION
TO DISMISS

This matter comes before the Court on a motion to amend the complaint filed by plaintiffs Bernard and Mary Cain. (Dkt. #31). In response, defendant Credit Protection Association, LP ("CPA") filed a cross-motion to dismiss for failure to state a claim, or in the alternative, for summary judgment. (Dkt. #33). The Court considers both motions together.

**I. FACTS**

Plaintiffs are suing defendants Trans Union LLC and CPA alleging that they violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").[1] Plaintiffs

---

[1] Plaintiffs also bring claims against Trans Union LLC under the Washington State Fair Credit Reporting Act, RCW 19.182.005 *et seq.* and under the Washington State

ORDER REGARDING MOTION TO AMEND
AND CROSS-MOTION TO DISMISS- 1

attempted to obtain financing to purchase a home in early 2004.  Defendant Trans Union LLC furnished an investigative consumer report to plaintiffs' potential lender.  The credit report contained an unfavorable score and a report of a default by Mr. Cain on a Comcast bill.  Plaintiffs allege that CPA had communicated the erroneous default to the three major consumer reporting agencies.

Mr. Cain contacted CPA and notified it that the individual who had defaulted with Comcast was not him but Bernard *Kain*.  Subsequently, CPA informed the agencies to delete the Comcast debt.  Mr. Cain's credit report with Trans Union continued to contain the default, which negatively influenced plaintiffs' ability to obtain credit.

Plaintiffs seek to amend their complaint "to clarify and restate [their] claims against defendant [CPA]."  Plaintiffs' Motion at p. 1.  Plaintiffs' complaint alleged that both defendants were consumer reporting agencies, but CPA is a collection agency.  Plaintiffs therefore seek to amend their complaint to clarify that they are not bringing their claims against CPA as a consumer reporting agency but rather under 15 U.S.C. § 1681s-2(b), the statutory provision that sets forth the duties of "persons" who regularly report information about consumers to consumer reporting agencies.  Plaintiffs claim that CPA negligently and wilfully failed to comply with the requirements of the statute.  See Declaration of Andrew J. Kinstler, Ex. 2 (Proposed Amended Complaint).

## II.  DISCUSSION

Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Court should consider four factors in deciding whether to grant leave to

---

Consumer Protection Act, RCW 19.86.010 *et seq*. The proposed amended complaint does not alter the substance of the claims against Trans Union and it has not responded to the motion.

ORDER REGARDING MOTION TO AMEND
AND CROSS-MOTION TO DISMISS- 2

amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). CPA argues that the amendment would be futile because plaintiffs have not stated a claim against it.[2] A proposed amendment is futile if it could be defeated by a motion to dismiss or if plaintiff cannot prevail on the merits. See, e.g., Smith v. Commanding Officer, 555 F.2d 234, 325 (9th Cir. 1977).

Plaintiffs assert that CPA may have provided inaccurate information to the consumer reporting agencies regarding Mr. Cain, including but not limited to providing his social security number in the report of Mr. Kain's Comcast debt. A furnisher of information[3] has a duty to provide accurate information to a consumer reporting agency under Section 1681s-2(a). However, there is no private right of action for alleged violations of subsection (a). See, e.g., Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059 (9th Cir. 2002). Accordingly, even if it were true that CPA initially provided inaccurate information, plaintiffs cannot assert a cause of action based on subsection(a). To the extent that plaintiffs' proposed amended complaint purports to do so, that amendment is denied as futile.

Plaintiffs seek to amend the complaint to assert a claim against CPA under 15 U.S.C. § 1681s-2(b), which requires that furnishers of information conduct a reasonable investigation, among other things, after receiving notice of a consumer's dispute

---

[2] CPA moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Because the Court has considered the declarations in analyzing the motion, resolution under Rule 12(b)(6) is not appropriate.

[3] CPA concedes for purposes of this motion that it is a furnisher of information.

ORDER REGARDING MOTION TO AMEND
AND CROSS-MOTION TO DISMISS- 3

regarding information contained in his or her credit report.[4]  Section 1681s-2(b) requires:

> (b) Duties of furnishers of information upon notice of dispute.
>
> > (1) In general. After receiving notice pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
> >
> > > (A) conduct an investigation with respect to the disputed information;
> > >
> > > (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];
> > >
> > > (C) report the results of the investigation to the consumer reporting agency;
> > >
> > > (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> > >
> > > (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
> > > (i) modify that item of information;
> > > (ii) delete that item of information; or
> > > (iii) permanently block the reporting of that item of information.

See 15 U.S.C. § 1681s-2(b).  It is undisputed that within twenty-four hours after Mr. Cain notified CPA of the error in his credit report, CPA commenced an investigation, canceled the debt pursuant to Comcast's instructions, and electronically requested a deletion

---

[4] CPA initially argued that its obligations under subsection (b) were never triggered because it received notice of the dispute from Mr. Cain rather than from a consumer reporting agency.  CPA abandoned that argument in its reply.

ORDER REGARDING MOTION TO AMEND
AND CROSS-MOTION TO DISMISS- 4

transaction[5] from all three consumer reporting agencies.  Declaration of Carrie Medina at ¶ 7-9; Reply Declaration of Carrie Medina at ¶¶ 9-13.[6]  CPA sent a letter, addressed to Bernard Kain at Mr. Cain's address, verifying that the Comcast account was changed to closed status due to a report of potential fraud and explaining that CPA would instruct the consumer reporting agencies to delete the account's information from their records. Declaration of Andrew J. Kinstler, Ex. 1.  Equifax and Experian promptly updated Mr. Cain's credit report to remove the disputed debt; however, Trans Union did not do so until approximately two months later.

Plaintiffs allege that CPA violated the statute by "actually only updating the three major consumer reporting agencies that the debt on Bernard Kain's credit report should be deleted, and did not accurately make such a report as to Bernard Cain's credit report." Proposed Amended Complaint at ¶ 2.2.  The undisputed evidence, however, shows that CPA did not update the agencies to delete the debt from Mr. Kain's credit report; instead, it deleted the debt itself.  This is an important distinction because CPA asserts, and plaintiff does not dispute, that it cannot delete the collection from individual credit files nor can it change the name on an account like the Comcast debt.  Instead, it is up to the consumer reporting agencies to process the deletion transaction.  Reply Declaration of Carrie Medina at ¶ 13.  Once that occurs, then the debt will cease to appear on an

---

[5] A deletion transaction is "the means by which a collection is terminated and the information regarding the collection withdrawn from the credit reporting agencies." Declaration of Carrie Medina at ¶ 9.

[6] Plaintiffs argue that CPA's summary judgment motion should be denied because, they allege, Ms. Medina has either withheld documents or has made assertions in her declaration without adequate foundation.  Plaintiffs have not supported either allegation, and their unsupported assertion does not create a credibility issue to defeat summary judgment.

ORDER REGARDING MOTION TO AMEND
AND CROSS-MOTION TO DISMISS- 5

1 individual's credit report.

2 Plaintiffs argue that they are entitled to a continuance pursuant to Fed. R. Civ. P. 56(f) to conduct discovery on several issues. First, they seek to discover evidence regarding whether CPA received notice of the dispute; CPA, however, has abandoned that argument. Second, plaintiffs seek information regarding whether CPA erroneously included Mr. Cain's social security number in its reports regarding Mr. Kain's Comcast debt. As set forth above, that evidence is relevant only to a claim under subsection (a), which is not available to plaintiffs. Finally, plaintiffs seek information regarding "the reasons, if any, why Trans Union failed to clear Mr. Cain's credit report." Plaintiffs' Opposition to Summary Judgment at p. 7. Plaintiffs' request is vague. However, they have not received their requested discovery from Trans Union, despite the fact that the Court granted their motion to compel. Therefore, plaintiffs have not had an opportunity to pursue discovery relating to its theory that CPA's actions following the complaint were insufficient and caused Trans Union's delay. See Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.' ") (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)). Accordingly, plaintiffs are entitled to a brief continuance to obtain discovery regarding that issue.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion to amend their complaint (Dkt. #31). The Court CONTINUES CPA's cross-motion for summary

ORDER REGARDING MOTION TO AMEND
AND CROSS-MOTION TO DISMISS- 6

judgment (Dkt. #33); the Clerk of Court is directed to renote that motion for the Court's consideration on July 22, 2005.

DATED this 26th day of May, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING MOTION TO AMEND
AND CROSS-MOTION TO DISMISS- 7